IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 11-57 |
| | ) | Judge Nora Barry Fischer |
| KEENA J. STANTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

**I.     INTRODUCTION**

Defendant Keena J. Stanton was charged by Superseding Indictment with five counts: Count One charged him with possession of a firearm or ammunition by a convicted felon on or about July 31, 2010, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); Count Two separately charged him with the same offense occurring on or about September 9, 2010; Count Three charged him with maintaining a drug involved premises on or about August 15, 2010 through September 9, 2010, in violation of 21 U.S.C. § 856(a)(1); Count Four charged him with possession of crack cocaine on or about September 9, 2010 with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Count Five charged him with possession of a firearm during and in relation to a drug trafficking crime on or about August 15, 2010 through September 9, 2010, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docket No. 37). The parties have stipulated to Defendant's status as a prior convicted felon under § 922(g)(1). (Docket No. 109, at ¶ 3). At the Pretrial Conference held on February 6, 2013, Defendant made an oral motion to renew his previous motion to bifurcate or sever a number of these Counts from the remainder. *See* (Docket No. [113]). Upon consideration of the parties' prior filings on this matter, the parties' oral arguments at the hearing on November 6, 2012, (Docket No. 87), and further oral arguments at the Pretrial Conference held on February 6, 2013, *see* (Docket No.

113), Defendant's oral renewed motion to bifurcate or sever was denied.[1] The Court now writes to explain its rationale.

## II.  RELEVANT BACKGROUND

The Court understands Defendant to articulate two theories for why bifurcation or severance might be warranted. First, he seeks to have Counts One and Two bifurcated or severed from the remainder of the Counts based on the prejudicial effect of admitting his prior convictions into evidence. (Docket No. 87, at 85-86). Second, he seeks to have Count One bifurcated or severed from the remainder of the Counts on the basis that the Government cannot offer evidence about his earlier illegal possession of a firearm for any admissible purpose. (Docket No. 91, at 5).

### A. Background Facts

Prior to the occurrence of any conduct underlying the criminal charges in this case, Defendant was stopped by police officers on July 28, 2010 while he was driving in a white Buick Regal bearing license plate HMV3983 in the Homewood neighborhood. (Docket No. 34-5, at 1). The officers made contact with Defendant through the passenger side window after he advised them that the driver's side door and window were not operable due to a previous accident. *Id.* at 2. During the interaction, officers spotted a knotted plastic baggie containing marijuana on the center console. *Id.* The marijuana was confiscated, Defendant was told to appear in court, and he was then released. *Id.*

On July 31, 2010, police officers again observed Defendant driving through Homewood in the same white Buick Regal bearing license plate HMV3983. (Docket No. 34-1, at 2). When

---

[1] This Court previously ruled on two other motions in limine. In an order dated February 7, 2013, the Court denied Defendant's motion to exclude evidence that he possessed marijuana on July 28, 2010. (Docket No. 114). The Court, however, granted Defendant's motion to preclude the Government from introducing testimony that he declared his gang affiliation at trial in an order dated February 8, 2013. (Docket No. 115).

his vehicle failed to stop at a stop sign, the officers pulled him over. *Id.* As they approached the vehicle, however, Defendant pulled out and initiated a police pursuit. *Id.* During the chase, officers observed a large weapon being thrown from the passenger side of the Buick Regal. *Id.* Police later retrieved a .20 gauge shotgun wrapped in a pair of jeans near where the weapon was ejected. *Id.* After being released, Defendant failed to appear at his state preliminary hearing for this incident. (Docket No. 34-3, at 1). Because Defendant had multiple prior convictions, his possession of the firearm and related ammunition was charged in Count One of the Superseding Indictment in this case. (Docket No. 37, at 1-2).

Defendant remained fugitive until September 9, 2010, when officers with the Allegheny County Sheriff's Department, Pitcairn Police Department, and Allegheny County Adult Probation Office apprehended him at an apartment in Pitcairn. (Docket No. 34-4, at 1). During the arrest, Defendant was found with a knotted plastic bag containing crack cocaine. *Id.* at 2. Officers also found a digital scale and a knotted plastic bag containing crack cocaine in the living room of the residence. *Id.* After obtaining consent to search the apartment from one of the residents, police officers subsequently recovered two pistols from the premises. *Id.* at 2. These facts provide the underlying basis for the charges set forth in Counts Two, Three, Four, and Five of the Superseding Indictment in this case. (Docket No. 37, at 3-6).

### B. Defendant's Position as to Bifurcation or Severance of Counts One and Two From the Remainder of the Counts in the Superseding Indictment

Defendant initially submitted a Motion to Sever Counts One and Two for Separate Trial on June 7, 2012, arguing that the Counts listed in the Superseding Indictment were unrelated and that a joint trial on all the Counts would therefore be prejudicial. (Docket No. 55, at ¶ 3). Accordingly, he requested severance of Counts One and Two from the remainder of the Counts pursuant to Rule 14 of the Federal Rules of Criminal Procedure. In support of this proposition,

he cited to the Third Circuit Model Jury Instructions, § 6.18.922, as well as *United States v. Busic*, 587 F.2d 577 (3d Cir. Cir. 1978). (Docket No. 55, at ¶ 4). During a subsequent hearing held on November 5, 2012, Defendant clarified that he sought bifurcation of Counts One and Two charging him with being a felon in possession of firearms and/or ammunition from the remainder of the Counts in order to prevent the prejudicial impact from permitting the jury to hear that he is a prior convicted felon. (Docket No. 87, at 85-86).

### C. Defendant's Position as to Bifurcation or Severance of Count One From the Remainder of the Counts in the Superseding Indictment

Following the November 5, 2012 hearing, Defendant submitted a Supplemental Brief to Defendant's Motion to Produce Evidence that the Government Seeks to Use Under Federal Rules of Evidence 404(b) and 609 And Motion to Sever, further requesting bifurcation of Count One, charging him with being a felon in possession of a firearm and/or ammunition on July 31, 2010, from the remainder of the Counts involving alleged crimes committed on subsequent dates. (Docket No. 91, at 5). In this brief, he identified two issues for the Court to resolve: "(1) whether the proposed 404(b) evidence the Government intends to introduce is admissible, and, even if admissible, whether the probative value of each item of evidence outweighs the prejudice of that evidence; and (2) whether bifurcation of Defendant's trial is necessary to prevent undue prejudice." *Id.* at 2. Defendant expressed the fear that "the evidence that the Defendant allegedly possessed a firearm on July 31, 2010 would be offered for the sole purpose of showing the Defendant's propensity to possess firearms and to prove the defendant's character in acting in conformity therewith that propensity." *Id.*

### D. The Government's Position on Bifurcation and Severance

The Government has responded to all motions and arguments to bifurcate or sever by consistently assuring that the evidence it seeks to introduce to prove Counts One and Two was

4

either intrinsic to the other offenses charged or permissible extrinsic evidence to prove the remaining Counts pursuant to Rule 404(b) of the Federal Rules of Evidence. (Docket No. 34, at 6-11; Docket No. 60, at 2; Docket No. 94, at 2-3). With respect to the motion to bifurcate or sever Counts One and Two, the Government countered that *Busic* did not require either bifurcation or severance because "even if the defense stipulates to the existence of a prior felony conviction, ... nearly identical evidence will be heard by the jury regardless of whether the charges are severed or not." (Docket No. 60, at 3). Citing to the Third Circuit's Model Instruction § 6.18.924A-1, the Government elaborated that as part of the proof for possession of a firearm in furtherance of a drug trafficking crime, as charged in Count Five, it is entitled to introduce the prior convictions to show that he was illegally possessing the firearms that are the subject of the felon in possession charge alleged in Count Two. (Docket No. 60, at 2). The Government also apparently intends to use the facts surrounding the July 31, 2010 arrest charged in Count One as Rule 404(b) evidence to show his fugitive status, which would provide background information explaining why police were seeking to arrest Defendant in Pitcairn on September 9, 2010. *Id.* at 2-3.

With respect to the motion to bifurcate or sever Count One only, the Government plans to use evidence that Defendant possessed a shotgun and ammunition on July 31, 2010 to show his intent and knowledge to possess the pistols and associated ammunition on September 9, 2010. (Docket No. 34, at 6). To address Defendant's concerns about undue prejudice, the Government referenced a number of cases where it believed even more prejudicial evidence was admitted than the disputed prior convictions or earlier charged offense at issue. (Docket No. 94, at 4-5).

## III. DISCUSSION

Severance should be granted under Rule 14 of the Federal Rules of Criminal Procedure "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *accord United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (same). With respect to severance of counts, the Third Circuit has focused on determining "whether the jury can reasonably be expected to compartmentalize the evidence, as it relates to each count by following the instructions of the trial court." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981) (citations omitted). The defendant bears the "heavy burden" of showing that severance is warranted. *Urban*, 404 F.3d at 775 (citing *United States v. Console*, 13 F.3d 641, 655 (3d Cir. 1993)). Not only must the defendant seeking severance show that the court would abuse its discretion if it denied severance, "but also that denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." *Id.* (quoting *United States v. Palma-Ruedas*, 121 F.3d 841, 854 (3d Cir. 1997), *rev'd on other grounds* by *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999)). Severance is not warranted based on "[m]ere allegations of prejudice," *Reicherter*, 647 F.2d at 400, or simply because a defendant may have a better chance of acquittal in separate trials. *Zafiro*, 506 U.S. at 540.

The Third Circuit has recognized that a defendant being charged with possessing a firearm and/or ammunition as a felon may be prejudiced as to the other counts charged at trial when the nature and facts of his prior convictions are introduced into evidence. *See Busic*, 587 F.2d at 585. Accordingly, the court in *Busic* cautioned that "[i]f it is determined that the convictions would not be admissible on the other counts—that were these counts to be tried alone the jury would not hear this evidence—then severance should be granted." *Id.* The Court

then noted the possibility of bifurcation as a less drastic remedy to this problem than severance. *See id.* (describing a "two-stage trial, whereby the jury, having reached a verdict on the other counts, would then proceed to consider the counts requiring proof of prior convictions" as a viable approach to the problem) (citing *United States v. Franke*, 331 F. Supp. 136 (D. Minn. 1971); *see also United States v. Joshua*, 976 F.2d 844, 848 (3d Cir. 1992) (approving bifurcation as a procedure that addresses the prejudicial effect of introducing evidence of the defendant's prior criminal history with the interest in judicial efficiency).

Following *Busic*, courts in this circuit have opted to bifurcate the counts for trial when evidence of prior convictions was not admissible as to the other counts. *See, e.g., United States v. Coles*, No. 05-440, 2007 WL 2978346 (E.D. Pa. Oct. 5, 2007). Conversely, courts have refused to either sever or bifurcate when evidence of the prior offenses could be admitted at trial on the other counts. *See, e.g., United States v. Harris*, No. 07-355, 2008 WL 3545827, at *13 (W.D. Pa. Aug. 12, 2008) (Conti, J.) (finding that the defendant's motion to sever would have no effect on the admissibility of his prior felony conviction in a separate trial of the remaining counts); *United States v. Flood*, No. 3:2004-36, 2007 WL 1314627, at *2 (W.D. Pa. May 4, 2007) (Gibson, J.) (denying motion to bifurcate because the jury would still hear evidence of the prior conviction on the other counts).

As discussed above, the Government seeks to bring in evidence concerning Counts One and Two, as well as his prior convictions: (1) in order to provide intrinsic evidence as to the elements of a separately charged offense, and (2) for other purposes under Rule 404(b). The Third Circuit reserves the term "intrinsic" to describe evidence that either "directly proves the charged offense," or constitutes "uncharged acts performed contemporaneously with the charged crime ... if they facilitate the commission of the charged crime." *United States v. Green*, 617

7

F.3d 233, 248-49 (3d Cir. 2010) (citations omitted). If evidence is admitted as being intrinsic to a charged offense, it is "exempt ... from application of Rule 404(b) on the theory that there is no 'other' wrongful conduct at issue; the evidence is admissible as part and parcel of the charged offense." *Id.* at 245.

Where evidence of prior bad acts does not implicate intrinsic evidence, the Third Circuit directs courts to apply a four-part test to determine the admissibility of evidence offered under Rule 404(b): "(1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted." *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006); *see also Green*, 617 F.3d at 249 (same); *United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003) (same). Under this analysis, the Government must proffer a logical chain of inference consistent with its theory of the case, and the Court must articulate reasons why the evidence goes to show something other than character by putting this chain of inferences into the record. *Daraio*, 445 F.3d at 263 (citing *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992)).

### A. Neither Bifurcation nor Severance of Counts One and Two from the Remainder of the Counts is Warranted

The sole basis for bifurcation or severance of both felon in possession Counts (One and Two) from the remainder of the Counts (Three, Four, and Five) would be to prevent the prejudicial effect engendered by introducing the nature and facts of Defendant's prior convictions to the jury. However, the prior convictions are "independently admissible" with respect to Counts Three, Four, and Five and therefore do not warrant either bifurcation or severance. *Busic*, 587 F.2d at 585.

Counts Two, Three, Four, and Five are based on many of the same underlying facts arising from Defendant's conduct on September 9, 2010. Indeed, the weapons at issue in Count Two are the very same weapons at issue in the offense charged at Count Five for possession of firearms during and in relation to a drug trafficking crime. The Government correctly points out the question of whether Defendant illegally possessed the weapons that are the subject of Count Two directly proves whether they were used in furtherance of a drug trafficking crime as charged in Count Five. *See United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (explaining that "the status of the possession (legitimate or illegal)" is a factor in determining whether the possession furthered the drug trafficking offense) (citations omitted). In other words, the facts underlying his prior convictions are intrinsic evidence and, therefore, would be admissible to prove that he used the firearms found on September 9, 2010 in furtherance of a drug trafficking crime even if the offense was charged in separate indictments. *See Green*, 617 F.3d at 248 (evidence that "directly proves" the charged offense is intrinsic). Because the possession of a firearm in furtherance of a drug trafficking crime charge requires proof of a drug trafficking crime, the jury will also hear evidence regarding Counts Three (maintaining a drug-involved premises) and Four (possession of cocaine with intent to distribute) together with evidence about Defendant's prior convictions.

In addition, Defendant and the Government have stipulated that he "has been convicted of a crime punishable by in excess of one year of incarceration." (Docket No. 109). Given this stipulation, the Court understands that the jury will not hear the nature and facts of Defendant's prior conviction. The Government has also stated on the record that it was "not intending to go into the underlying nature of those offenses, just the fact that he has that conviction and the date on which he was convicted." (Docket No. 87, at 94-95). As such, the Court finds that Defendant

will not be unduly prejudiced by a joint trial of all charges. *See Old Chief v. United States*, 519 U.S. 172, 191 n.10 (1997) (explaining that a redacted record of conviction can be used to reveal the existence of a prior conviction for the purposes of satisfying the convict status element without detailing the nature and facts of said prior conviction); *see also Busic*, 587 F.2d at 585 (noting that prejudice from disclosure of the defendant's prior convictions was minimized because "the jury was never shown the indictment, and the government was not permitted to elicit the factual basis of those convictions"). Per the parties' joint request, the Court will also instruct the jury consistent with the Third Circuit's Model Instructions § 2.13, "Prior Conviction of Defendant Charged with Possession of a Firearm by a Convicted Felon," and § 6.18.922G-3, "Evidence of a Prior Conviction of Defendant Charged with Possession of a Firearm by a Convicted Felon." Accordingly, Defendant's motion is denied to the extent that he contends Counts One and Two should be bifurcated or severed from the remainder of the Counts.

### B. Neither Bifurcation nor Severance of Count One from the Remainder of the Counts is Warranted

The Court disagrees with Defendant's contention that his possession of a firearm and ammunition on July 31, 2010, as charged in Count One, can only be relevant as to the other Counts to show his propensity to possess firearms. To the contrary, evidence from the July 31, 2010 incident would be admissible in a trial of the remaining Counts under Rules 404(b) and 403.

First, the Government seeks to use evidence that Defendant illegally possessed a firearm on July 31, 2010 to demonstrate his knowledge that his possession of firearms was illegal at a later date as well as his intent to possess said weapons—valid purposes under Rule 404(b). *See United States v. Brown*, 961 F.2d 1039, 1042 (2d Cir. 1992) (presence of other guns on or around the defendant and his property tended to establish knowledge and absence of mistake about his

ownership of the gun at issue); *see also United States v. Coleman*, 68 F. App'x 300, 306 (3d Cir. 2003) (testimony the defendant had owned a shotgun was introduced as proof of knowledge, and therefore possession, of the shotgun later found in his apartment); *United States v. Cockerham*, 417 F.3d 919 (8th Cir. 2005) ("we have agreed with other circuits that a past firearms conviction may be used to establish knowledge and intent for purposes of the present [firearms] conviction"). Defendant attempts to distinguish *Brown*, *Coleman*, and *Cockerham* based on the fact that the firearms in those cases were found in the residences of those defendants whereas the firearm at issue in Count One of this case was allegedly in Defendant's possession while he was driving in his car. (Docket No. 91, at 4-5). The Court discerns no principled reason why the precise place the firearms were recovered by police alters a defendant's knowledge about firearms resulting from his prior ownership of said weapons. Without more, Defendant has not carried his "heavy burden" of showing that evidence about his illegal possession of a firearm on July 31, 2010 could not be used for a valid Rule 404(b) purpose. *Urban*, 404 F.3d at 775.

Second, Defendant's knowledge of the illegality of his possession of firearms on July 31, 2010 is relevant because it tends to show that he knowingly possessed firearms and/or ammunition on September 9, 2010, as charged in Count Two. *See United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000) (that the defendant "knowingly possessed a firearm" is an essential element of a felon in possession of a firearm offense); *see also United States v. Tomlinson*, 67 F.3d 508, 513 (4th Cir. 1995) (requiring proof that defendant had knowledge of the incriminating character of the firearm possessed as part of proving a felon in possession offense); *United States v. Field*, 39 F.3d 15, 17 (1st Cir. 1994) ("in order to convict a defendant of ... being a felon in possession of a firearm, the only knowledge by defendant required to be proved is that the instrument *was* a firearm") (emphasis in original) (citing *United States v. Freed*, 401 U.S. 601,

11

607 (1971)). Moreover, the fact that Defendant possessed a firearm on July 31, 2010 is also relevant to Counts Four and Five in the Superseding Indictment, charging him with possession of cocaine with intent to distribute on September 9, 2010 as well as with knowingly carrying or using a firearm in connection with a drug trafficking offense from August 15, 2010 through September 9, 2010, given that firearms are "tools of the drug trade." *United States v. Russell*, 134 F.3d 171, 183 (3d Cir. 1998) (citing *United States v. Muniz*, 60 F.3d 65, 71 (2d Cir. 1995); *United States v. Adams*, 759 F.2d 1099, 1109 (3d Cir. 1985)).

Third, after considering Rule 403, the Court does not find that the probative value of the evidence proffered by the Government is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Indeed, the Government has provided numerous cases in which even more prejudicial evidence was admitted against defendants. *See, e.g.*, *United States v. Daraio*, 445 F.3d 253, 263-66 (3d Cir. 2006) (evidence of uncharged tax evasion admitted in prosecution for an unrelated tax offense); *Green*, 617 F.3d at 249-252 (in prosecution for drug crime, evidence regarding the defendant's efforts to acquire dynamite in order to kill an undercover officer was admitted); *United States v. Sriyuth*, 98 F.3d 739, 747-48 (3d Cir. 1996) (evidence of uncharged rape for charges relating to a kidnapping); *United States v. Scarfo*, 850 F.2d 1015, 1020-21 (3d Cir. 1988) (evidence of uncharged murders was admitted for conspiracy and extortion prosecution).

As Defendant has recognized, (Docket No. 91, at 4), the Government may be required to prove he constructively possessed the firearms found on September 9, 2010. *See United States v. Walker*, 657 F.3d 160, 172 (3d Cir. 2011) (conviction for using a firearm during and in relation to a drug trafficking offense may rest on proof of constructive possession). To the extent

Defendant would argue that the firearms seized at the apartment on September 9, 2010 are a product of a mistake or an accident, evidence of the firearm found in his possession on July 31, 2010 can be used to negate such an argument. *See* FED. R. EVID. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving ... absence of mistake, or lack of accident."). Nor can Defendant argue that the one month gap between the conduct at issue in Count One and the conduct at issue in the remaining Counts implicates a lack of temporal connection. *See Harris*, 2008 WL 3545827, at *13 (six-month gap between charges were "sufficiently connected temporally"); *cf. United States v. Jernigan*, 341 F.3d 1273, 1282 (3d Cir. 2003) (two-year gap between a prior conviction and the charged offense was "well within the bounds of temporal relevance"); *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997) (six-year span between prior convictions and the charged conduct was not temporally remote).

Defendant has failed to carry his "heavy burden," *Urban*, 404 F.3d at 775, of demonstrating "substantial prejudice" sufficient to warrant severance or bifurcation. *Palma-Ruedas*, 121 F.3d at 854. Evidence relating to his possession of a firearm and ammunition on July 31, 2010 would be "independently admissible" under Rule 404(b) as to the remaining Counts regardless of whether those Counts are severed or bifurcated. *Busic*, 587 F.2d at 585. Accordingly, Defendant's motion to bifurcate is denied to the extent that he contends Count One should be bifurcated from Counts Two, Three, Four, and Five at trial.[2]

---

[2] To the extent the Government's asserts Defendant's fugitive status provides another reason not to bifurcate or sever Count One from the remainder of the Counts, the Court finds this argument unpersuasive. Defendant's decision to become a fugitive following his July 31, 2010 arrest for illegally possessing the shotgun may be used to show consciousness of guilt as to that offense, but it does not have any bearing on whether he was conscious of his guilt for crimes that were not yet charged until his later arrest on September 9, 2010. Nor does the background information about why he became a fugitive require disclosure of the facts and nature of his July 31, 2010 arrest. Insofar as background information would be necessary were Counts Three, Four, and Five tried in a hypothetical separate proceeding, the Government could introduce limited evidence that Defendant became a fugitive following an unspecified arrest.

**IV.    ORDER**

Based on the foregoing, it is hereby ORDERED that Defendant's oral renewed motion to bifurcate or sever, *see* (Docket No. [113]), is DENIED.

<u>*s/Nora Barry Fischer*</u>
Nora Barry Fischer
United States District Judge

Dated:      February 11, 2013
cc/ecf:     All Counsel of Record